1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARRIE LOUIS GRISHAM,                          No.  2:14-cv-0219 CKD

12                      Plaintiff,

13          v.                                      ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15
                        Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") denying applications for Disability Income Benefits ("DIB") and

20   Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

21   ("Act"), respectively.  For the reasons discussed below, the court will grant plaintiff's motion for

22   summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand

23   this matter under sentence four of 42 U.S.C. § 405(g).

24   BACKGROUND

25          Plaintiff, born August 28, 1972, applied on December 18, 2009 for DIB and SSI, alleging

26   disability beginning January 1, 2009.  Administrative Transcript ("AT") 158-169.  Plaintiff

27   alleged she was unable to work due to back pain, post-traumatic stress disorder, depression, and

28   anxiety.  AT 191.  In a decision dated July 10, 2012, the ALJ determined that plaintiff was not

                                                1

disabled.[1]  AT 30.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

> 2.  The claimant has not engaged in substantial gainful activity since January 1, 2009, the alleged onset date.

> 3.  The claimant has the following severe impairments: degenerative disc disease of the cervical spine, thoracic spine, and lumbar spine; obesity; major depressive disorder; posttraumatic stress disorder; and generalized anxiety disorder.

> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1]      Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.*  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq.*  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571–76, 416.920 & 416.971–76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work . . . except: she could lift and/or carry 20 pounds occasionally and 10 pounds frequently; she could stand and/or walk for 6 hours in an 8-hour workday; she could sit for 6 hours in an 8-hour workday; she could perform postural activities frequently; and she could perform simple, unskilled work involving occasional (i.e. not frequent) public or fellow employee interaction.

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was born on August 28, 1972 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8.  The claimant has at least a high-school education and is able to communicate in English.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.  The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2009, through the date of this decision.

AT 21–29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  (1) the ALJ improperly assessed plaintiff's mental and physical impairments in determining her residual functional capacity ("RFC"), which is not supported by substantial evidence; (2) the ALJ improperly rejected the opinion of plaintiff's treating physician; and (3) the ALJ improperly discredited plaintiff's testimony as well as a third-party report.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

1    F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

2    mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th

3    Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

4    responsible for determining credibility, resolving conflicts in medical testimony, and resolving

5    ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

6    "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

7    rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

8         The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

9    Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

10   conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not

11   affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see

12   also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

13   administrative findings, or if there is conflicting evidence supporting a finding of either disability

14   or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

15   1229–30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

16   weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

17   ANALYSIS

18        A.  Medical Evidence

19            1.  Residual Functional Capacity

20        Plaintiff contends the ALJ's RFC assessment did not include all of plaintiff's mental and

21   physical impairments that are supported by the record.  Specifically, plaintiff contends the ALJ's

22   mental RFC finding is not supported by substantial evidence and the limitation to "simple

23   unskilled work" does not reflect the limitation that would result from "moderate" difficulties with

24   concentration, persistence or pace.  As to the physical RFC finding, plaintiff contends it does not

25   account for plaintiff's limitations arising from her obesity and bladder problems.  In determining

26   a claimant's RFC, an ALJ must assess all the evidence to determine what capacity the claimant

27   has for work despite her impairments.  See 20 C.F.R. §§ 404.1545(a), 416.945(a).  The court will

28   affirm the ALJ's determination of plaintiff's RFC if the ALJ applied the proper legal standard and

4

1  her decision is supported by substantial evidence.  See <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217

2  (9th Cir. 2005).  An examining physician's opinion alone constitutes substantial evidence if it

3  rests on that physician's own independent examination.  See <u>Tonapetyan v. Halter</u>, 242 F.3d

4  1144, 1149 (9th Cir. 2001).

5      a. Mental Impairments

6    Plaintiff contends the ALJ's RFC does not account for Dr. Sid Cormier's findings.  Dr.

7  Cormier, a clinical psychologist, provided a Comprehensive Mental Evaluation of plaintiff dated

8  March 25, 2010.  AT 347.  He opined that plaintiff was at least moderately limited in her ability

9  to perform simple and repetitive tasks, moderately impaired in her ability to maintain regular

10  attendance and perform work activities on a consistent basis, and moderately impaired in her

11  ability to complete a normal workday or workweek.  AT 350.

12    Despite giving Dr. Cormier's opinion significant weight, the ALJ concluded that plaintiff

13  could, among other things, "perform simple, unskilled work involving occasional (i.e., not

14  frequent) public or fellow employee interaction."  AT 26.  The RFC has no limitations on

15  plaintiff's ability to perform "simple and repetitive" tasks and does not account for her work

16  attendance and consistency limitations.  As mentioned above, Dr. Cormier opined that plaintiff

17  was at least moderately limited in these areas.  The ALJ erred by failing to account for Dr.

18  Cormier's opinion in assessing plaintiff's RFC.

19    The Commissioner contends the ALJ properly interpreted Dr. Cormier's opinion of

20  moderate limitations in plaintiff's ability to work.  In particular, the ALJ noted that moderate

21  limitations in work functions, as defined on Social Security forms SSA Form HA-1152-U3 (06-

22  2006) and (04-2009) (entitled "Medical Source Statement of the Ability to Do Work-Related

23  Activities (Mental)"), are "more than a slight limitation but still able to function satisfactorily,"

24  and therefore, are not necessarily disabling.  AT 26.  However, Dr. Cormier rendered a narrative

25  opinion and did not use these forms.  AT 347–51.  Thus, the ALJ's interpretation of the word

26  "moderate," as used by Dr. Cormier, is not supported by the record.

27    The Commissioner also cites <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1076 (9th Cir. 2007) in

28  support of the assertion that moderate limitations in maintaining regular attendance and in

1    completing a normal workday and workweek are not evidence of disabling impairments.  The

2    Commissioner's reliance on <u>Hoopai</u> is misplaced.  In that case, the Ninth Circuit held that the

3    plaintiff's "depression was not a sufficiently severe non-exertional limitation that required the

4    assistance of a vocational expert."  <u>Id.</u>  In the instant case, the ALJ concluded that plaintiff's non-

5    exertional impairments were sufficiently severe so as to require the assistance of a vocational

6    expert.  AT 64–72 (examination of vocational expert at the hearing before the ALJ).  As such,

7    <u>Hoopai</u> is distinguishable from the instant case.

8            The ALJ erred in assessing plaintiff's RFC by failing to fully account for the opinion of

9    Dr. Cormier.  This matter will be remanded for the ALJ to properly assess plaintiff's RFC in light

10   of the limitations arising from her mental impairments.

11                    b.  Physical Impairments

12           Plaintiff also contends the ALJ did not account for all of her physical limitations, namely

13   those related to her obesity and bladder problems.  Obesity was eliminated from the Listing of

14   Impairments (Listing 9.09) because the Social Security Administration determined that the

15   criteria in the Obesity Listing did "not represent a degree of functional limitation that would

16   prevent an individual from engaging in any gainful activity."  Social Security Ruling (SSR) 02–

17   01p (2002).  Obesity remains, however, a factor that may be considered at any step in the

18   sequential evaluation.  <u>Id.</u>  "Obesity in combination with other impairments may or may not

19   increase the severity or functional limitations of the other impairment."  <u>Id.</u>

20           The ALJ found that plaintiff's obesity was a severe impairment at step two, reasoning that

21   plaintiff "registered a body mass index as high as 38.4 on June 24, 2011."  AT 22.  In assessing

22   plaintiff's RFC, the ALJ presented substantial evidence—the opinions of Dr. John Simmonds and

23   Dr. Becker—that did not reveal any limitations arising from plaintiff's obesity and did not show a

24   link between plaintiff's obesity and her functional limitations.  <u>See</u> AT 340–44, 376–80.  Plaintiff

25   has provided no evidence to the contrary.

26           Plaintiff also asserts notes the RFC does not take into account plaintiff's history of bladder

27   problems.  Plaintiff contends limitations arising from her bladder problems should include

28   unscheduled breaks, concentration deficits, and reduced productivity in the workplace.  Plaintiff

1   further contends that such limitations are supported by the opinion of Dr. Morris Ballard because

2   Dr. Ballard opined that plaintiff would miss more than four days of work per month due to her

3   impairments and treatment thereof.  See AT 509.  The ALJ considered plaintiff's bladder

4   problems at step two, noting that plaintiff had been treated for urinary incontinence and

5   concluding that plaintiff's bladders problems did not give rise to a severe impairment.  AT 22.  As

6   to Dr. Ballard's one-page functional capacity questionnaire, that opinion does not mention

7   plaintiff's bladder problems.  AT 509.  As such, Dr. Ballard's opinion could not be used to

8   support plaintiff's contention that there should have been limitations arising from plaintiff's

9   bladder problems in the RFC assessment.

10          There is substantial evidence supporting the ALJ's physical RFC finding and plaintiff's

11   contention that the ALJ failed to properly analyze the limiting effects of her obesity and bladder

12   problems is without merit.

13          2.  Medical Opinions

14          Plaintiff contends the ALJ failed to give proper weight to the opinion of Dr. Morris

15   Ballard.  The weight given to medical opinions depends in part on whether they are proffered by

16   treating, examining, or non-examining professionals.  Lester, 81 F.3d at 830.  Ordinarily, more

17   weight is given to the opinion of a treating professional, who has a greater opportunity to know

18   and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir.

19   1996).

20          To evaluate whether an ALJ properly rejected a medical opinion, in addition to

21   considering its source, the court considers whether (1) contradictory opinions are in the record,

22   and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

23   treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

24   F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

25   rejected for "specific and legitimate" reasons that are supported by substantial evidence.  Id. at

26   830.  "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts

27   and conflicting clinical evidence, stating his interpretation thereof, and making findings.'"

28   Magallanes v. Bowen, 881 F.2d 747, 751 (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th

1  Cir. 1986)).  "The ALJ must do more than offer his conclusions.  He must set forth his own

2  interpretations and explain why they, rather than the doctors[], are correct."  Embrey v. Bowen,

3  849 F.2d 418, 421–22 (9th Cir. 1988).  While a treating professional's opinion generally is

4  accorded superior weight, if it is contradicted by a supported examining professional's opinion

5  (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.

6  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes, 881 F.2d at 751).  In

7  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

8  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,

9  minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a

10  non-examining professional, without other evidence, is insufficient to reject the opinion of a

11  treating or examining professional.  Lester, 81 F.3d at 831.

12         Dr. Ballard, plaintiff's treating physician, provided a one-page, Functional Capacity

13  Questionnaire, dated October 13, 2010.  AT 509.  In that questionnaire, Dr. Ballard diagnosed

14  plaintiff with back pain and depression.  Id.  He opined that plaintiff could sit for two hours and

15  stand and walk for two hours in an eight-hour workday, rarely lift less than 10 pounds,

16  occasionally finger, grasp, and handle, rarely stoop and bend, and never crouch.  Id.  Dr. Ballard

17  further opined that plaintiff's symptoms were severe enough to interfere with the attention and

18  concentration needed to perform simple work tasks and that she would be absent from work at

19  least four times every month.  Id.

20         The ALJ gave Dr. Ballard's opinion little weight reasoning that it is disproportionate with

21  the objective evidence, he provided no objective basis for his opinion, and the opinion is

22  inconsistent with the claimant's conservative treatment which was limited to pain medication.

23  AT 27.  Dr. Ballard's opinion is contradicted by Drs. Simmonds and Becker.  AT 340–44; 376–

24  80.  Dr. Simmonds, a consultative examining physician, opined that, among other things, plaintiff

25  could push, pull, lift and carry 20 pounds occasionally and 10 pounds frequently, can walk and

26  stand for six hours per day, and sit without restrictions.  AT 344.  Dr. Becker, a reviewing

27  physician, opined that, among other things, plaintiff could occasionally lift 20 pounds, frequently

28  lift 10 pounds, could stand and/or walk for six hours in an eight-hour workday, sit for six hours in

an eight-hour workday.  AT 377–78.  As such, the ALJ needed to provide specific and legitimate

reasons for rejecting Dr. Ballard's opinion.  See Lester, 81 F.3d at 830.

The ALJ explained that Dr. Ballard's physical limitations were disproportionate to the

mild and minimal findings noted in radiographs of plaintiff's spine.  AT 311 ("Mild disk bulge of

the T6-T7 level, without complicating features."); 313 ("Minimal early degenerative changes in

the upper cervical spine, with very minimal bulge of the C6-7 disk."); 315 ("Unremarkable MRI

of lumbar spine, without appreciable osseous or discogenic abnormality."); 317 ("Mild

degenerative disc disease L405.  Also some mild degenerative changes at the L5-S1 facets."); 443

("AP and lateral radiographs of the thoracic spine reveal normal bone alignment and

mineralization. . . . There is minimal disc space narrowing with mild endplate degenerative

change at all levels.  The soft tissues are unremarkable.").  The ALJ also reasoned that Dr. Ballard

provided no objective reasons for his opinion.  The opinion was rendered on a one-page

assessment form, which revealed plaintiff's diagnoses, prognosis, and limitations.  AT 509.  The

assessment lacked any clinical findings.  Id.  Finally, the ALJ discussed plaintiff's treatment plan

which was inconsistent with Dr. Ballard's opinion.  Plaintiff's treatment plan was conservative,

consisting only of pain medications.  AT 324–29; 337, 437–43, 482–503; 505–08; see also Parra

v. Astrue, 481 F.3d 724, 751 (9th Cir. 2007) (finding that medication with over-the-counter drugs

constituted conservative treatment); Tommasetti v. Astrue, 533 F.3d 1035, 1040 (conservative

treatment included physical therapy and the use of anti-inflammatory medication).  The ALJ's

reasons for rejecting the opinion of Dr. Ballard are specific and legitimate and supported by

substantial evidence.

B.  Testimonial Evidence

Plaintiff also contends the ALJ failed to provide sufficient reasons for discrediting her

subjective complaints and Mr. Keith Grisham's third-party function report.  The ALJ determines

whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ

used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520,

522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.

Albalos v. Sullivan, 907 F.2d 871, 873–74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229,

1   1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent

2   reason for the disbelief").

3        In evaluating whether subjective complaints are credible, the ALJ should first consider

4   objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341,

5   344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ

6   then may consider the nature of the symptoms alleged, including aggravating factors, medication,

7   treatment and functional restrictions.  See id. at 345–47.  The ALJ also may consider: (1) the

8   applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

9   testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

10   prescribed course of treatment, and (3) the applicant's daily activities.  Smolen, 80 F.3d at 1284;

11   see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work

12   records, physician and third-party testimony about nature, severity and effect of symptoms, and

13   inconsistencies between testimony and conduct also may be relevant.  Light v. Soc. Sec. Admin.,

14   119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating

15   medical problem may be a valid consideration by the ALJ in determining whether the alleged

16   associated pain is not a significant nonexertional impairment.  See Flaten v. Sec'y of Health &

17   Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own

18   observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot

19   substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).

20   "Without affirmative evidence showing that the claimant is malingering, the Commissioner's

21   reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Comm'r

22   Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

23        "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects

24   ability to work is competent evidence, and therefore cannot be disregarded without comment."

25   Nyguen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915,

26   918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's

27   symptoms and daily activities are competent to testify to condition).  "If the ALJ wishes to

28   discount the testimony of the lay witnesses, he must give reasons that are germane to each

1    witness." Dodrill, 12 F.3d at 919; see also Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050,

2    1056 (9th Cir. 2006) (where ALJ fails to properly discuss competent lay testimony favorable to

3    plaintiff, court cannot consider error to be harmless unless it can confidently conclude no

4    reasonable ALJ, when fully crediting testimony, could have reached different disability

5    determination).  "If the ALJ gives germane reasons for rejecting testimony by one witness, the

6    ALJ need only point to those reasons when rejecting similar testimony by a different witness."

7    Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (citing Valentine v. Comm'r Soc. Sec.

8    Admin., 574 F.3d 685, 694 (9th Cir. 2009)).

9          Plaintiff testified and reported that she was unable to work due to back pain, Post-

10   Traumatic Stress Disorder, depression and anxiety.  AT 55, 191.  She reported that she could

11   generally handle her own personal care, prepare her own meals, do some house work, drive, and

12   handle her money.  AT 204–208.  She further stated that lifting five pounds is painful but she can

13   lift up to ten pounds, squatting is difficult, stand for 20 minutes, and walk a quarter of a mile

14   before needing to rest.  AT 208.  The ALJ found plaintiff's statements concerning the intensity,

15   persistence and limiting effects of plaintiff's symptoms not credible for several reasons.  AT 25.

16   The ALJ reasoned that plaintiff's allegations were inconsistent with the medical evidence which

17   showed that claimant's conditions are well controlled.  AT 25.  As explained above, radiographs

18   of plaintiff's spine showed mild and minimal findings.  AT 311, 313, 315, 317, 443.  The ALJ

19   also reasoned that the allegations were inconsistent with the medical opinion evidence.  AT 25;

20   340–44 (Dr. Simmonds); 347–51 (Dr. Cormier); 376–80 (Dr. Becker).  The factors considered by

21   the ALJ in discrediting plaintiff are valid and supported by the record.

22         Plaintiff also asserts that the ALJ failed to properly evaluate Mr. Keith Grisham's third-

23   party function report.  AT 21.  In his report, Mr. Grisham indicated that plaintiff lies down for

24   two to three hours to rest her back and her pain interrupts her sleep.  He further reported that

25   plaintiff can handle her personal care but sometimes needs help, can prepare her own meals, can

26   do small loads of laundry, can drive, shop and handle her finances.  AT 231–35.  Mr. Grisham

27   opined that plaintiff's conditions affects her ability to lift, walk, squat, sit, bend, kneel, stand,

28   reach, climb stairs, talk and her memory.  AT 236.  In particular, Mr. Grisham stated that plaintiff

1   was limited to lifting 10 pounds, standing for 20 to 25 minutes, requires a pillow when sitting,

2   reaching and bending hurt her back, walking limited to one-quart of a mile, and needs help

3   getting up from a kneeling position.  AT 236.  The ALJ included these statements in assessing

4   plaintiff's RFC.  AT 25.  Mr. Grisham's observations are similar to plaintiff's subjective

5   complaints which the ALJ discredited.  AT 29; see also 203–210 (plaintiff's adult function

6   report).  Accordingly, there was no error in evaluating Mr. Grisham's third-party function report.

7        For the reasons stated above, the matter will be remanded under sentence four of 42

8   U.S.C. § 405(g) so the ALJ may properly consider plaintiff's mental impairments in assessing her

9   mental RFC.

10   CONCLUSION

11        For the reasons stated herein, IT IS HEREBY ORDERED that:

12       1.  Plaintiff's motion for summary judgment (ECF no. 16) is granted;

13       2.  The Commissioner's cross-motion for summary judgment (ECF no. 17) is denied; and

14       3.  The matter is remanded for further proceedings consistent with this order.

15   Dated:  December 11, 2014

16

17   CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

18   10/4 grisham.2.ss

19

20

21

22

23

24

25

26

27

28